UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MUSTAFANOS et al., | |
| Plaintiffs, | 3:15-cv-00227-RCJ-WGC |
| vs. | |
| LYON COUNTY et al., | **ORDER** |
| Defendants. | |

This case arises from a domestic dispute over the ownership of various items of personal property. Pending before the Court are six motions (ECF Nos. 35, 37, 38, 39, 41, 46). For the reasons given herein, the Court grants the motions in part and denies the motions in part.

**I.  FACTS AND PROCEDURAL HISTORY**

Plaintiffs Yosef L. Mustafanos and Shirley Jean Clifton filed this case on April 23, 2015. (*See* Compl., ECF No. 1). Defendant Laura DePaoli served written requests for admissions and interrogatories to both Plaintiffs on August 19, 2015 and August 21, 2015, but Plaintiffs had not responded as of November 5, 2015. (Aff. Caryn S. Tijsseling, ¶ 2, ECF No. 37-1). The parties also scheduled depositions of Plaintiffs for October 2, 2015. (*Id.* ¶ 6). Plaintiffs appeared at the depositions but refused to answer any questions before leaving. (*Id.* ¶ 7; Dep. of Yosef L. Mustafanos, 5–11, ECF No. 37-6; Dep. of Shirley Jean Clifton, 5–8, ECF No. 37-7). The same

day, attorney for Plaintiffs filed a motion to withdraw as attorney, (ECF No. 28), which the Magistrate Judge granted on October 20, 2015 (Order, ECF No. 34). In response to Plaintiffs' actions at the depositions, Defendants filed three motions to dismiss (ECF Nos. 35, 39, 41), a motion to compel discovery (ECF No. 38), and a motion for sanctions for failing to participate in discovery (ECF No. 37). On December 17, 2015, Plaintiffs filed a Motion for Voluntary Dismissal (ECF No. 46). Plaintiffs have not found another attorney to represent them. (*Id.*).

## II.     MOTION FOR VOLUNTARY DISMISSAL

Plaintiffs move for voluntary dismissal of the case without prejudice (ECF No. 46). Under Federal Rule of Civil Procedure 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Plaintiffs state they would like an opportunity to refile the case if they can find another attorney to represent them.

Defendants Andrew Strode, Lyon County, and Gregory Kantz have filed notices of non-opposition to the motion. (*See* ECF Nos. 49, 50). Defendant Edward Anderson has filed notice of opposition to the motion in favor of dismissal with prejudice. (*See* ECF No. 48). Defendant Laura DePaoli has filed a notice of non-opposition to the motion but asks the Court to rule on her prior motion for sanctions. (*See* ECF Nos. 37, 47).

The Court grants Plaintiffs' motion to dismiss without prejudice. Plaintiffs state they have had difficulty finding an attorney to represent them and would like to preserve the opportunity to pursue their claim. The Court finds no reason to dismiss the case with prejudice.

## III.     MOTION FOR SANCTIONS

Defendant Laura DePaoli moves the Court to issue sanctions against Plaintiffs for failing to participate in discovery.

///

### A. Legal Standards

Under Federal Rule of Civil Procedure 37(d)(1)(A)(i), a court may issue sanctions if "a party . . . fails, after being served with proper notice, to appear for that person's deposition." A Court may also issue sanctions when "a party, after being properly served with interrogatories . . . fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii). A motion for sanctions "must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." Fed. R. Civ. P. 37(d)(1)(B). A court may also impose sanctions "on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). The sanction may include "the reasonable expenses and attorney's fees incurred by any party." (*Id.*).

### B. Analysis

As of November 5, 2015, Plaintiffs had failed to respond to Defendant Laura DePaoli's written requests for admissions and interrogatories, which Plaintiffs received in August 2015. Plaintiffs also refused to answer any questions at their depositions on October 2, 2015. Counsel for Defendant DePaoli has certified that on November 2, 2015 she attempted to meet and confer with Defendant Mustafanos to resolve these discovery issues but was not successful. (Aff. Caryn S. Tijsseling, ¶ 9). The requirements of Rule 37(d)(1)(A)(i) have been met and, thus, sanctions against Plaintiffs are appropriate for failing to respond to Defendant DePaoli's written discovery requests. Sanctions are not appropriate under Rule 37(d)(1)(A)(ii) because Plaintiffs did appear for their depositions. However, because Plaintiffs impeded and frustrated Defendants' examination of them during the deposition (*see* Dep. of Yosef L. Mustafanos, 5–11; Dep. of Shirley Jean Clifton, 5–8), sanctions are appropriate under Rule 30(d)(2). Indeed, Plaintiff

Mustafanos invited Defendants to file a motion for sanctions by stating during his deposition that "at this particular point in time you guys can file a Rule 37(d), but I'm done with this case right now." (Dep. of Yosef L. Mustafanos, 6).

The Court grants Defendant DePaoli's motion for sanctions and orders Plaintiffs to reimburse Defendant for attorney fees and expenses incurred in carrying out the depositions and requests for admissions and interrogatories. Defendant DePaoli shall submit an accounting of fees and expenses for the Court's approval.

All other pending motions are denied as moot.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 46) is GRANTED without prejudice.

IT IS FURTHER ORDERED that the Motion for Sanctions for Failing to Participate in Discovery (ECF No. 37) is GRANTED. Defendant DePaoli shall submit an accounting of fees and expenses for the Court's approval.

IT IS FURTHER ORDERED that all other motions pending before the Court (ECF Nos. 35, 38, 39, 41) are DENIED as moot.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

DATED: March 30, 2016.

_____
ROBERT C. JONES
United States District Judge